```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ILLINOIS

ADRIANA ORNELAS, as             )
Administrator of the Estate     )
of RODOLFO ROMO, Deceased,      )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. 15-cv-547
                                )
THE UNITED STATES OF AMERICA and)
TOTALL METAL RECYCLING, INC.    )
                                )
          Defendants.           )
```

## COMPLAINT

### JURISDICTION

Jurisdiction lies pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2674, and 28 U.S.C. § 1346(b)(1).  Plaintiff has complied with the administrative exhaustion requirements of 28 U.S.C. § 2675, as the wrongful death claim was presented to the Department of the Army on October 21, 2014.  The Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367.

### COUNT I

(Negligence-Wrongful Death v. United States of America)

Comes now the plaintiff, by and through her attorney **KEEFE & KEEFE, P.C.**, and for Count I of her Complaint against the defendant UNITED STATES OF AMERICA, states:

1.   That on or before August 25, 2014, defendant United States of America stored, possessed, and/or controlled munitions, including mortar shells, at Fort Irwin, California.

2.   That on or before August 25, 2014, defendant United States of America caused mortar shells to be transmitted from Fort Irwin to Totall Metal Recycling in Granite City, Illinois for the purpose of dismantling, destruction, disposal, and/or recycling.

3.   That on or about August 25, 2014 Rodolfo Romo was an employee of Totall Metal Recycling.

4.   That on or about August 25, 2014, Rodolfo Romo was not a service member of any United States military department.

5.   That on or about August 25, 2014 Rodolfo Romo handled or worked in the vicinity of said mortar shells in his capacity as an employee of Totall Metal Recycling, Inc.

6.   That defendant United States of America retained control over the collection, dismantling, destruction, disposal, and recycling of munitions, including mortar shells, from Fort Irwin.

7.   That defendant United States of America retained direct and/or supervisory control over the process of rendering inert mortar shells collected at Fort Irwin.

8.   That defendant United States of America knew or should have known that mortar shells collected for the purpose of

dismantling, destruction, disposal, and/or recycling would be handled by employees of recycling centers.

9. That defendant United States of America knew or should have known that mortar shells not rendered inert posed an unreasonable risk of harm to employees of recycling centers.

10. That one or more mortar shells transmitted from Fort Irwin to Totall Metal Recycling, Inc. on or before August 25, 2014 had not been rendered inert.

11. That on or about August 25, 2014, a mortar shell transmitted from Fort Irwin to Totall Metal Recycling exploded, killing Rodolfo Romo.

12. That on or about March 31, 2015, Adriana Ornelas was duly appointed Administrator of the Estate of Rodolfo Romo by the Clerk of the Circuit Court of St. Clair County, Illinois.

13. That the defendant, individually, and by and through its agents, servants, and employees was guilty of one or more of the following negligent acts or omissions:

    a) Negligently and carelessly failed to render inert or otherwise make safe mortar shells which were transmitted to recyclers.

    b) Negligently and carelessly failed to identify mortar shells that had not been rendered inert.

    c) Negligently and carelessly transmitted live mortar shells.

    d) Negligently and carelessly failed to exercise supervisory control over munitions-clearing/disabling/recycling contractors with reasonable care by failing to effectively direct and ensure that mortar shells be rendered inert.

    e) Negligently and carelessly failed to train personnel, agents, servants, employees, and/or contractors to effectively render inert mortar shells.

    f) Negligently and carelessly failed to train personnel, agents, servants, employees, and/or contractors to recognize and prevent live mortar shells from transmission to recyclers.

    g) Negligently and carelessly failed to remedy the transfer of live mortar shells from Fort Irwin.

    h) Negligently and carelessly failed to otherwise use due care to prevent live mortar shells from being handled by a recycling employee.

14. That as a direct and proximate result of the negligence of the defendant as aforesaid, Rodolfo Romo was killed, and his next of kin have been permanently deprived of the love, companionship, society, consortium, and support to which they were entitled; they have suffered and will suffer grief, sorrow, and mental suffering, and have become liable for funeral expenses, all to their damages in a substantial amount.

WHEREFORE, Plaintiff demands judgment against the Defendant, United States of America, in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

**COUNT II**

(Negligence-Wrongful Death v. Totall Metal Recycling, Inc.)

Comes now the plaintiff, by and through her attorney **KEEFE & KEEFE, P.C.**, and for Count II of her Complaint against the defendant TOTALL METAL RECYCLING, INC., states:

15. That defendant Totall Metal Recycling, Inc. is incorporated in the State of Illinois with a facility located in Granite City, Illinois.

16. That on or about August 25, 2014, defendant Totall Metal Recycling Inc.'s operations included recycling, destruction, demilitarization, and/or dismantling of munitions, including mortar shells.

17. That on or before August 25, 2014, defendant Totall Metal Recycling Inc. received one or more mortar shells at its Granite City facility for recycling, destruction, demilitarization, and/or dismantling which had not been rendered inert.

18. That defendant Totall Metal Recycling Inc. knew or should have known that mortar shells not rendered inert posed an unreasonable risk to the lives of persons who handled or worked in the vicinity of mortar shells.

19. That on or about August 25, 2014, Rodolfo Romo was an employee of Totall Metal Recycling, Inc.

20. That on or about August 25, 2014, in his capacity as an employee of Totall Metal Recycling, Inc., Rodolfo Romo handled or worked in the vicinity of one or more mortar shells.

21. That the mortar shell which Rodolfo Romo handled or worked in the capacity of on August 25, 2014 had not been rendered inert.

22. That on or about August 25, 2014, one or more mortar shells exploded at Totall Metal Recycling Inc.'s Granite City facility, killing Rodolfo Romo.

23. That on or about March 31, 2015, Adriana Ornelas was duly appointed Administrator of the Estate of Rodolfo Romo by the Clerk of the Circuit Court of St. Clair County, Illinois.

24. That the defendant, individually, and by and through its agents, servants, and employees was guilty of one or more of the following negligent acts or omissions:

    a) Negligently and carelessly failed to render inert or otherwise make safe the mortar shell(s) which exploded and killed Rodolfo Romo.

    b) Negligently and carelessly failed to identify that a mortar shell to-be-handled by employees had not been rendered inert.

    c) Negligently and carelessly failed to ensure that mortar shells received in its Granite City facility were rendered safe upon receipt.

    d) Negligently and carelessly failed to safely store mortar shells received in its Granite City facility.

e)  Negligently and carelessly failed to ensure that mortar shells received in its Granite City facility were rendered safe before allowing employees to handle or access the shells.

f)  Negligently and carelessly failed to provide appropriate safety training and procedure for employees working with scrap munitions, including mortar shells.

g)  Negligently and carelessly permitted employees to handle or work in the vicinity of mortar shell(s) which had not been rendered inert.

h)  Negligently and carelessly failed to otherwise use due care to prevent a live mortar shell(s) from exploding at its Granite City facility.

25. That as a direct and proximate result of the negligence of the defendant as aforesaid, Rodolfo Romo was killed, and his next of kin have been permanently deprived of the love, companionship, society, consortium, and support to which they were entitled; they have suffered and will suffer grief, sorrow, and mental suffering, and have become liable for funeral expenses, all to their damages in a substantial amount.

WHEREFORE, Plaintiff demands judgment against the Defendant, Totall Metal Recycling, Inc., in an amount greater than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus costs.

/s/Thomas Q. Keefe, Jr.
THOMAS Q. KEEFE, JR.
Ill. Reg. No. 03123418
Attorney for Plaintiff

**KEEFE & KEEFE, P.C.**
**ATTORNEY AT LAW**
**#6 EXECUTIVE WOODS COURT**
**BELLEVILLE, ILLINOIS  62226**
**618/236-2221**
**618/236-2194 (Facsimile)**