3025202-WJM/ACS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIANA ORNELAS, as Administrator of the Estate of RODOLFO ROMO, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA and TOTALL METAL RECYCLING, INC.<br><br>Defendants. | Case No.: 15-cv-547 |

## DEFENDANT TOTALL METAL RECYCLING, INC.'S MOTION TO DISMISS AND SUPPORTING BRIEF

COMES NOW, Defendant TOTALL METAL RECYCLING, INC. ("TMR"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) files this its Motion to Dismiss and Supporting Brief.

A.   INTRODUCTION

This is a wrongful death case. In Count I, Plaintiff brings suit against the United States of America for negligence under the Federal Tort Claims Act. In Count II, Plaintiff pleads a negligence claim against her husband's employer, TMR. As alleged in the Complaint, Plaintiff's decedent was killed accidentally in the course and scope of his employment. The exclusive remedy provision of the Illinois Workers' Compensation Act ("IWCA") therefore bars Plaintiff's claim against TMR and deprives this court of subject matter jurisdiction over that claim. Illinois and federal law are clear that dismissal of Count II with prejudice is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

B.   **PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following in her Complaint:

- "That on or before August 25, 2014, defendant United States of America caused mortar shells to be transmitted from Fort Irwin to TMR Recycling in Granite City, Illinois for the purpose of dismantling, destruction, disposal, and/or recycling."  Count I, ¶2.

- "That on or about August 25, 2014, defendant TMR Recycling Inc.'s operations included recycling, destruction, demilitarization, and/or dismantling of munitions, including mortar shells."  Count II, ¶16.

- "That on or before August 25, 2014, defendant TMR Recycling Inc. received on or more mortar shells at its Granite City facility for recycling, destruction, demilitarization, and/or dismantling which had not been rendered inert."  Count II, ¶17.

- "That on or about August 25, 2014, Rodolfo Romo was an employee of TMR Recycling, Inc."  Count II, ¶19.

- "That on or about August 25, 2014, in his capacity as an employee of TMR Recycling, Inc., Rodolfo Romo handled or worked in the vicinity of one or more mortar shells."  Count II, ¶20.

- "That on or about August 25, 2014, one or more mortar shells exploded at TMR Recycling Inc.'s Granite City facility, killing Rodolfo Romo."  Count II, ¶22.

- "That the defendant [United States of America], individually, and by and through its agents, servants, and employees was guilty of one or more of the following negligent acts or omissions:…."  Count I, ¶13.

- "That the defendant [TMR Recycling, Inc.], individually, and by and through its agents, servants, and employees was guilty of one or more of the following negligent acts or omissions:…."  Count II, ¶24.

Plaintiff does not allege that either defendant acted with gross negligence, does not allege willful and wanton conduct against either defendant, and does not allege that either defendant acted with an intent to harm Mr. Romo.

C.   **LEGAL STANDARD FOR JUDGING THIS MOTION TO DISMISS**

A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990).  Therefore, the court accepts as

true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. *Zimmerman v. Burch,* 494 U.S. 113, 118 (1990). The court will dismiss a claim only if "it appears beyond doubt that [the plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Colfax Corp. v. Ill. State Highway Auth.,* 79 F.3d 631, 632 (7th Cir. 1996).

D.    **CONTROLLING SUBSTANTIVE LAW**

Under the *Erie* doctrine, federal courts must apply state substantive law when deciding state-law claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). While *Erie* questions arise most frequently in diversity cases, the doctrine applies equally to state law claims, like Plaintiff's, that are brought to the federal courts through supplemental jurisdiction. *See Houben v. Telular Corp.*, 309 F. 3d 1028, 1032 (7th Cir. 2002). Accordingly, this Court must apply Illinois state law in considering the claims at bar.

E.    **THE ILLINOIS WORKERS' COMPENSATION ACT**

The IWCA broadly preempts statutory or common-law claims brought by an employee against his or her employer arising from work related injuries.[1] Count II of Plaintiff's Complaint is based entirely on events relating to the decedent's employment with TMR and should, therefore, be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Schwartz v. Home Depot U.S.A., Inc.*, 2000 WL 1780245 at *3 (N.D. Ill. Dec. 4, 2000) (Because Plaintiff failed to allege facts in his complaint that would meet any of the exceptions to the rule that all tort claims against an employer are barred by the IWCA, the court granted the employer's motion to dismiss).

---

[1] Plaintiff bears the burden of proof of establishing that there is no preemption and that jurisdiction exists. *Kontos v. United States Dept. of Labor*, 826 F. 2d 573, 576 (7th Cir.1987).

### 1. Statutory Provisions

The starting place in this analysis is the Illinois Workers' Compensation Act, originally enacted in 1911. There are three relevant and controlling provisions at issue here. First is the exclusive remedy provision found in Section 5(a):

> No common law or statutory right to recover damages from the employer ... or the agents or employees of ... [the employer] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act.

820 ILCS 305/5(a). Section 11 of the IWCA further provides:

> The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer ... for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act.

820 ILCS 305/11. A third section of the IWCA is relevant here and makes clear that the IWCA applies to the accident that gave rise to this suit:

> The provisions of this Act hereinafter following shall apply automatically and without election to the State, county, city, town, township, incorporated village or school district, body politic or municipal corporation, and to all employers and all their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely:…[a]ny enterprise in which explosive materials are manufactured, handled or used in dangerous quantities.

820 ILCS 305/3(6).

### 2. *State and Federal Case Law Construing the IWCA*

As the Illinois Supreme Court has explained:

> The Workers' Compensation Act is designed to provide financial protection to workers for accidental injuries arising out of and in the course of employment. (*citation omitted*) Accordingly, the Act imposes liability without fault upon the employer and, in return, prohibits common law suits by employees against the employer. The exclusive remedy provision "is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts." (*citation omitted*).

*Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 462, 564 N.E.2d 1222, 1225 (1990).

The Seventh Circuit has held the same. "When an injury occurs in the workplace…the Illinois Workers' Compensation Act…provides the exclusive remedy for accidental injuries." *Hunt-Golliday v. Metro. Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004, 1016 (7th Cir. 1997). "The Act establishes liability without fault and abrogates common law defenses. (*citation omitted*). Under the Act, an employee has no right to recover damages from the employer or its agents or employees for accidental injuries incurred in the course of employment." *Id*. See also *Baltzell v. R & R Trucking Co*., 554 F.3d 1124, 1127 (7th Cir. 2009); *McPherson v. City of Waukegan*, 379 F.3d 430, 442 (7th Cir. 2004); *Dunn v. Peabody Coal Co.*, 855 F.2d 426, 428-429 (7th Cir. 1988).

### 3. Plaintiff's Claims Against TMR are Preempted by the IWCA

The Seventh Circuit speaks in terms of an employee's civil suit being preempted by the IWCA. *Hunt-Golliday*, 104 F.3d at 1016. In the instant case, Plaintiff alleges that Mr. Romo was an employee of TMR; that TMR was in the business of handling explosive materials; that Mr. Romo handled or worked in the vicinity of one or more mortar shells in his capacity as an employee of TMR; that a mortar shell exploded and killed Mr. Romo; that the fatal accident occurred at TMR's facility; and that TMR was negligent. These facts as alleged—and as must be accepted as true in deciding this motion to dismiss—bring this claim squarely into the purview of the IWCA and the exclusive remedy provision. Plaintiff's claims against TMR are plainly preempted and must be dismissed.

### 4. The Exceptions to IWCA Preemption Do Not Apply

IWCA preemption can be avoided only in several well-established and narrow circumstances. To escape the bar of Section 5(a) and preemption, plaintiff must allege and prove

that the injury (1) was not accidental; (2) did not arise from his or her employment; (3) was not received during the course of employment; or (4) was noncompensable under the Act. *Meerbrey*, 139 Ill. 2d at 462; *see also Sanfelice v. Dominick's Finer Foods, Inc.*, 899 F.Supp. 372, 377 (N.D. Ill. 1995). Plaintiff alleges none of the exclusions necessary to circumvent the bar on common-law actions imposed by the Act. Nor do the facts as alleged by Plaintiff imply that any of the exceptions would apply here. In point of fact, Plaintiff's allegations exclude the possibility that one of the exceptions applies. Thus, Plaintiff is precluded from maintaining this action against TMR.

First, in order to bypass the exclusive remedy of the Act, Plaintiff must show that the injury was not accidental. In the context of the Act, to show that an injury is not accidental, the employee must establish that his employer acted deliberately and with "specific intent to injure" the employee. *Garland v. Morgan Stanley & Co., Inc.*, 996 N.E.2d 188, 198 (1st Dist. 2013); *see also Copass v. Illinois Power Co.*, 211 Ill.App.3d 205, 214 (4th Dist. 1991) ("[A]n employee alleging an intentional tort against his employer or co-employee must allege that the defendant acted deliberately with specific intent to injure the employee."); *see also Mayfield v. Acme Barrel Co.*, 258 Ill.App.3d 32, 35 (1st Dist. 1994) ("Whether an injury is accidental for the purposes of applying the Act is dependent upon the object of the employer's intention. It is only when the employer acts with [the] specific intent to injure the employee that the resultant injury is stripped of its accidental character."). The *Garland* Court was unpersuaded by plaintiff's attempt to modify the standard to say the intent requirement was "satisfied by intending that the victim be *exposed* to the dangers which ultimately caused his injuries." *Garland*, 2013 IL App (1st) 112121 at ¶ 30 (emphasis added). Rather, an employee seeking to recover against an employer <u>must</u> prove, by a preponderance of the evidence, that the employer specifically

intended to *injure* the plaintiff. *Limanowski v. Ashland Oil Co.*, 275 Ill.App.3d 115, 120 (1st Dist.1995) (emphasis added).

Under this standard, Plaintiff's claim against TMR must fail. Plaintiff does not allege that TMR acted with any specific intent to injure or kill the decedent. In fact, Plaintiff alleges negligence on the part of TMR, which falls short of any intentional conduct or intentional tort. *See Small v. Chicago Health Clubs*, 843 F.Supp. 398, 403 (N.D. Ill. 1994) ("The negligence standard of liability was abrogated with the enactment of the IWCA…thus "[a]ny cause of action against [the employer] sounding in negligence is barred by IWCA."); *see also Simpson v. Wayne County*, Ill., 2013 WL 4411018 at *3 (S.D. Ill. Aug. 15, 2013), citing *Cutchin v. Wal-Mart Stores, Inc.*, 79 F.3d 1150 (7th Cir. 1996) ("[N]egligent torts committed in the work place are 'accidental'" and thus "preempted by the Act"). The facts as plead by Plaintiff describe an "accidental" incident and state a claim for negligence, and consequently fail to escape the exclusive remedy provision of the Act.

Second, Plaintiff does not challenge that the injury arose out of the decedent's employment with TMR, as would be required to escape the exclusive remedy provision of the Act. Under the Act, an injury is compensable if it "aris[es] out of…the employment." *Unger v. Continental Assur. Co.*, 107 Ill. 2d 79, 85 (1985). "'Arising out of,' refers to the causal connection between the employment and the accidental injury, which exists when the injury's origin is in some risk related to the employment." *Id*. Plaintiff admits that the injury suffered by the decedent arose from his employment at TMR. The decedent was working for TMR at the time of the alleged injury and was performing services as an employee at that time. *See* Count II, ¶¶ 19-20.

Third, Plaintiff similarly does not challenge that the injury occurred in the course of the decedent's employment with TMR, as would be required to avoid the exclusive remedy provision of the Act. Under the Act, an injury is compensable if it occurs "in the course of the employment." *Unger*, 107 Ill. 2d at 85. The requirement that the injury occurs "in the course of employment," relates to the "time, place and circumstances of the injury." *Id*. An injury occurs during the course of employment if the employee is fulfilling his duties, "or engaged in something incidental thereto." *Id*. at 85-86. It is also undisputed that the Plaintiff claims decedent was performing services as an employee at that time of his injury. *See* Count II, ¶¶ 20-21.

Plaintiff alleges that at the time of his injury the decedent was employed by TMR, he was at his place of employment, he came into contact with a live mortar shell that exploded in connection with his duties for TMR, and when the mortar shell exploded he was killed. Therefore, based on the Plaintiff's Complaint, the allegations clearly establish that Plaintiff's only potential remedy would be through a Workers' Compensation claim, and not a civil action for personal injuries.

Finally, in failing to allege that the injury sustained by the decedent is noncompensable under the Act, Plaintiff has not invoked any exception to exclusivity provision of the Act barring common-law actions against employers. The Act provides "that if an employee's injury arises out of and in the course of employment it is compensable." *McCormick v. Caterpillar Tractor Co.*, 85 Ill. 2d 352, 356 (1981). Because, as alleged by Plaintiff, TMR was engaged in the handling of explosive materials, Section 6 of the IWCA plainly provides that the Act applies to TMR. And as stated above, Plaintiff admits that decedent was acting as an employee of TMR at the time of the accident and further engaged in duties related to his employment at the time of the

accident. *See* Count II, ¶¶ 19-21. The decedent's death is therefore a compensable injury under the Act, and Plaintiff is barred from seeking common-law damages against TMR by virtue of Section 5(a). It follows that the sole potential remedy available to Plaintiff is pursuant to the IWCA, and Count II of Plaintiffs' Complaint against TMR must be dismissed with prejudice pursuant to Rule 12(b)(1) as this Court lacks subject matter jurisdiction over Plaintiff's claim.

**F.  CONCLUSION**

WHEREFORE, Defendant respectfully requests that the relief sought herein be granted, and requests all such other and further relief to which it may be entitled.

Respectfully submitted,

SMITHAMUNDSEN LLC

BY:  /s/ W. Jeffrey Muskopf
W. Jeffrey Muskopf, #6244703
120 S. Central Ave., Ste. 700
St. Louis, MO 63105
(314) 719-3708
(314) 719-3709 fax
jmuskopf@salawus.com

and,

Andrew Seiber, #6239156
150 North Michigan Avenue, Ste. 3300
Chicago, IL 60601
(312) 894-3279
(312) 894-3210 fax
aseiber@salawus.com

*Attorneys for Defendant Totall Metal Recycling, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was electronically filed and served upon all parties of record by the United States District Court's CM/ECF system on the 22nd day of July 2015.

                                        /s/ W. Jeffrey Muskopf