## TERMS AND CONDITIONS
## FOR PURCHASES BY
## TOTALL METAL RECYCLING, INC.

1.  These terms and conditions constitute an Offer to Purchase by Totall Metal Recycling, Inc. ("Totall") and are not an acceptance of any offer or terms which may have been submitted by Seller. Seller may accept this Offer to Purchase either by execution of the acknowledgment copy of the order set forth on the reverse side hereof, or acceptable electronic transmission, or other expression of acceptance including shipment hereunder. Upon acceptance, this order shall constitute the entire agreement between the parties (except for any additional warranties given by Seller), superseding any and all previous or contemporaneous communications and negotiations. Unless specifically agreed to in writing by Totall, signed by a duly authorized representative of Totall, no additional or different term or condition (except additional warranties given by Seller) of any quotation, acknowledgement, invoice or other form supplied by Seller shall become part of the contract, notwithstanding Totall's failure to specifically object to such terms or conditions. The contract resulting from the acceptance of this order shall be construed and interpreted in accordance with the laws of the State of Illinois.

Any controversy or claim arising out of or relating to this contract, the acceptance of it, and any alleged breach thereof, shall be considered a contract made in the State of Illinois and shall be governed by the laws thereof. The exclusive forum for deciding any disputes shall be the Circuit Court of Madison County, Illinois. The prevailing party in any controversy or claim hereunder shall be entitled to recover its reasonable attorneys' fees and costs.

2.  It is a condition of this contract that the Seller on its own behalf and on behalf of its subcontractors certifies that it and they have complied with all of the provisions of all applicable federal, state and local laws and of all rules, regulations and orders issued thereunder, in the manufacture or production and sale of the material specified herein, and including, but not limited to the Occupational Safety and Health Act of 1970, as amended, the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, the Resource Conservation and Recovery Act of 1976, as amended, the Fair Labor Standards Act of 1938, as amended, the Equal Employment Opportunity Clause described by Executive Order Number 11246, as amended, and Executive Order Number 11375, 41 C.F.R. 60-250 (Disabled Veterans and Veterans of the Vietnam Era), Section 503 of the Rehabilitation Act of 1973 (qualified handicapped individuals) and the Drug-Free Workplace Act of 1988, unless this transaction is exempt under applicable regulations.

3.  If an F.O.B. point is not specified in this contract, the price stated is F.O.B. delivered to the consignee. Regardless of the point of delivery, all material shall be received subject to the acceptance of the ultimate consumer, with the weights and grading of that consumer to govern. Rejected material remains Seller's property at his risk and subject to his disposition. Rejected shipments may be replaced at Totall's option.

Version #02 – 2009


EXHIBIT B

## TERMS AND CONDITIONS
## FOR PURCHASES BY
## TOTALL METAL RECYCLING, INC.

4. Seller must load clean transportation equipment. Any expense or shortage incurred because of foreign matter in the shipment, or because equipment is loaded in excess of or less than carrier's loading rules, or due to Seller's failure to fully load the transportation equipment, will be paid by Seller. Seller shall take all reasonable steps to insure that the transportation equipment is properly and timely loaded and shall be responsible for all expenses incurred by Totall due to the failure to properly and timely load the transportation equipment.

5. In the event of nonconformity, nondelivery, partial delivery, or late delivery of the quantity specified in this contract, Totall may at its option (i) cancel this contract; (ii) replace the material in the open market after due notice and within a reasonable time and recover from Seller the difference between the market price of the material at the time of replacement and the contract price, and (iii) obtain any other remedy or relief provided by law including, but not limited to, the right to a setoff against any amount Seller is due from Totall or its affiliate companies on any Purchase Contract or otherwise, provided, however, that written notice of such nonconformity, nondelivery, partial delivery, or late delivery is provided to Seller. Deliveries in excess of those authorized by Totall shall be at Seller's risk of loss, may be returned to Seller or disposed of by Totall without incurring any liability to Seller and Seller shall pay Totall for all expenses, including transportation expenses, in connection with such deliveries. Neither party shall be liable for any delay or failure of performance due to a request for delay by the consumer, strikes, acts of God, or other causes beyond its control, including but not limited to internet transmission failures, provided that it shall have given notice to the other party of any such cause for delay or anticipated delay promptly following the commencement thereof. In the event of a delay for any of the foregoing reasons and if requested by Totall, the Seller shall, immediately upon receipt of the notice from Totall, hold up delivery until further notice from Totall, regardless of whether such hold extends beyond any delivery date specified in this contract. Upon receiving further notice from Totall, the Seller shall promptly make delivery of the material specified in this contract. If Seller fails to make delivery within a reasonable time, which in no event shall be later than 30 days, Seller shall be responsible to Totall for all loss incurred by Totall as a result of a change in the market price for the material purchased hereunder from Seller by Totall.

6. Seller represents and warrants that the material to be delivered by Seller conforms to the description of the material on the face of this Purchase Order and that the material does not contain any nonconforming or foreign substances. The Seller shall indemnify and save harmless Totall and the consumers of this material from and against any and all claims, demands, causes of action, actions, liabilities, losses, damages and expenses, including attorneys' fees (including without limitation actual, general and special damages for injuries or damage to any person or property) arising out of the failure of the material to conform to the description on the face

## TERMS AND CONDITIONS
## FOR PURCHASES BY
## TOTALL METAL RECYCLING, INC.

hereof, or arising out of the presence of nonconforming or foreign substances in any material. In no event shall Seller be liable for incidental or consequential damages of any kind whatsoever, including but not limited to, loss of profits or revenue.

7. Notwithstanding any other warranty or limitation of warranty herein, Seller warrants that the metal scrap to be delivered under this contract does not contain any "hazardous substance," as that term is defined in § 101(14) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 6901(14), except those "hazardous substances" which are integral constituents of the metallic fraction of the scrap metal. Seller further warrants that the metal scrap contains no radionuclides or radioactive materials. Seller will indemnify and hold Totall and its customers harmless from any and all claims, demands, causes of action, actions, liabilities, losses, damages and expenses, including attorneys' fees, resulting in whole or in part from a breach of the foregoing warranties. If the material is rejected because of the presence of hazardous substances, radionuclides, or radioactive materials, Totall shall have no responsibility for or title to the rejected material. Seller shall have sole responsibility for, and shall ensure, proper management of the material to prevent any release or threat of release of any such hazardous substances, radionuclides, or radioactive materials to the environment. Unless Seller makes other arrangements, Seller shall return all such rejected material to its point of origin at Seller's expense. If Seller refuses to remove the rejected material, Totall may return it to its point of origin at Seller's expense, or may otherwise manage the material and arrange for its disposal at Seller's expense. Seller agrees to assume any and all liability for such shipment or management, and any and all liability resulting from the return or disposal of the rejected material.

8. Seller shall furnish all carrier identification numbers, such as railcar or barge or trailer (including seal numbers if sealed) numbers to Totall upon loading. Risk of non-availability of railcars or barges or trailers or any resulting delays in delivery is on the Seller. Any demurrage or other expenses caused by the failure of Seller to furnish such information upon loading shall be paid by Seller.

9. Subject to (a) the effect of any applicable bankruptcy, insolvency or similar law affecting creditors' rights generally, and (b) the effect of general principles of equity, including, without limitation, concepts of materiality, reasonableness, good faith and fair dealing, if Seller becomes insolvent or has a business failure or commits an act of bankruptcy, or is adjudicated bankrupt or if at any time Totall reasonably believes that Seller may fail to perform for one of the above reasons, or if Seller has failed to perform completely any other contract with Totall, then Totall may cancel this contract without liability.

## TERMS AND CONDITIONS
## FOR PURCHASES BY
## TOTALL METAL RECYCLING, INC.

10. If the Purchase includes delivery by Seller to Totall of materials subject to a disassembly or processing charge or other similar charge as reflected on the Purchase Order, Totall shall have the right to set-off said charges against any amount Seller is due from Totall.

11. Upon Totall's request, Totall and Seller will facilitate business transactions by electronically transmitting data. Any data electronically transmitted pursuant to this contract will be as legally sufficient, binding and enforceable upon the parties as a written signed paper document exchanged between the parties, notwithstanding any legal requirement that the data be in writing or signed. To the extent required by Totall, each authorized representative of a party will adopt a unique verifiable digital identification consisting of symbols or codes to be transmitted with each electronic transmission and the use of such digital identification will be deemed for all purposes to constitute a "signature" and will have the same effect as a signature on a written document.

12. No assignment of this contract shall be made without prior written consent of the other party.

13. Totall's failure to require Seller's performance of any obligations hereunder shall in no way affect its rights to require such performance at any time thereafter.

14. The invalidity or unenforceability of any term of this contract shall not affect the validity and enforceability of the remainder of this contract or any of its other terms, and such other terms shall be construed as though such invalid or unenforceable term was not included herein.