IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIANA ORNELAS, as Administrator of the Estate of RODOLFO ROMO, Deceased,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>THE UNITED STATES OF AMERICA and  )<br>TOTALL METAL RECYCLING, INC.,  )<br>)<br>Defendants.  ) | Civil No. 15-CV-00547-SMY-SCW |

**DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS
CONTRACT CLAIMS PURSUANT TO RULE 12(b)(1)**

COMES NOW the Defendant/Cross-Plaintiff/Cross-Defendant, United States of America ("United States"), by and through its attorneys, James L. Porter, Acting United States Attorney for the Southern District of Illinois, and Assistant United States Attorneys David J. Pfeffer and Adam E. Hanna, and hereby moves to dismiss certain cross-claims brought by and against the United States for lack of subject matter jurisdiction. Specifically, this Court is without subject matter jurisdiction over Counts 1 and 2 of Totall Metal Recycling, Inc.'s ("TMR") counterclaim complaint against the United States, as well as Counts 1 and 2 of the United States' cross-claim complaint against TMR.

**BACKGROUND**

On May 14, 2015, Plaintiff filed this wrongful death action claiming that Defendants United States and TMR were negligent in their handling of mortar shells, allegedly resulting in a live explosive being transmitted from the U.S. Army's National Training Center at Fort Irwin, California to TMR's facility in Granite City, Illinois (*see* Doc. 1). Plaintiff alleges that the explosive material ultimately detonated, killing Plaintiff's decedent, Rodolfo Romo (*Id.*). Plaintiff's claim against TMR was later dismissed (*see* Doc. 24), but not before the United States

1

filed its cross-complaint against TMR (*see* Doc. 23 at pp. 7-12).

The United States' cross-complaint alleged that any transfer of material from Fort Irwin to TMR was made pursuant to a Memorandum of Understanding ("MOU") which provided for contractual indemnification under the circumstances (*Id.*). Additionally, the United States alleged that TMR was itself negligent in certain respects. Accordingly, the United States' cross-complaint alleges three counts seeking (1) a declaratory judgment construing the MOU, (2) contractual indemnification, and (3) contribution (*Id.*).

On February 19, 2016, TMR filed a counterclaim complaint against the United States (Doc. 43). Therein, TMR alleged that the MOU was inapplicable, that its own "Terms and Conditions" required the United States to contractually indemnify TMR under the circumstances, and that the United States was liable for its own alleged negligence. TMR's counterclaim complaint thus alleges four counts, seeking (1) a declaratory judgment construing the MOU, as well as the applicability of TMR's "Terms and Conditions," (2) contractual indemnification, (3) contribution, and (4) damages for negligence (*Id.*).

Upon further review, it is clear the United States District Court for the Southern District of Illinois lacks subject matter jurisdiction to construe or decide contractual claims by or against the United States. Pursuant to Rule 12(b)(1), the United States now moves this Court to dismiss the United States' contract-related claims against TMR (i.e., Counts 1 and 2 of the United States' Cross-Claim Complaint), and to dismiss TMR's contract-related claims against the United States (i.e., Counts 1 and 2 of TMR's Counter-Complaint) for lack of subject matter jurisdiction.[1]

---

[1] For ease of reference, the instant motion contemplates that the United States' contribution claim against TMR (Doc. 23, Ct. 3) will remain pending, as will TMR's contribution and negligence claims against the United States (Doc. 43, Cts. 3 and 4). Likewise, this motion does not address any jurisdictional issues relating to Plaintiff's Complaint.

2

## ANALYSIS

**A. This Court lacks subject matter jurisdiction over TMR's contract claims against the United States, pursuant to 28 U.S.C. § 1346(a)(2) and the Contract Disputes Act. Accordingly, Counts 1 and 2 of TMR's Counterclaim Complaint must be dismissed.**

Rule 12(b)(1) provides the procedural vehicle by which to assert the lack of subject matter jurisdiction. Unlike certain other defenses listed in Rule 12(b), lack of subject matter jurisdiction can be raised at any time. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3).

28 U.S.C. § 1346 provides the scope of the District Court's subject matter jurisdiction where the United States is a defendant. For claims against the United States based "upon any express or implied contract with the United States," the District Court has jurisdiction only if the claim does not exceed $10,000. 28 U.S.C. § 1346(a)(2). As TMR alleges in its counterclaim that the United States is contractually required to indemnify it for any damages relating to Plaintiff's claim, the amount in controversy as to any contractual indemnification far exceeds the $10,000 threshold (*see* Doc. 43 at pp. 9-10). Moreover, TMR expressly claims any damages for its negligence claim would be in excess of $75,000 (*Id*. at p. 11). Because TMR's contractual claims exceed the amount in controversy authorized by § 1346(a)(2), Counts 1 and 2 of TMR's counterclaim complaint must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

Even if the amount in controversy were below $10,000, this Court is without jurisdiction over TMR's contract claims pursuant to the Contract Disputes Act ("CDA"), which prescribes the scope of review available with respect to contract claims involving the federal government.

As provided by 41 U.S.C. § 7102(a), the CDA applies to

> any express or implied contract (including those of the nonappropriated fund activities described in sections 1346 and 1491 of title 28) made by an executive agency for —
> (1) the procurement of property, other than real property in being;
> (2) the procurement of services;
> (3) the procurement of construction, alteration, repair, or maintenance of real property; or
> (4) the disposal of personal property.

On its face, the contract at issue here involves the disposal of federal personal property (i.e., munitions residue), and thus any dispute under the terms of the contract is subject to the provisions of the CDA. The CDA provides a mandatory administrative review stage. 41 U.S.C. § 7101, *et seq*. Judicial review in federal court, if necessary, proceeds only via the U.S. Court of Federal Claims jurisdiction, or else the Armed Services Board of Contract Appeals. 41 U.S.C. § 7104(b). In keeping with this jurisdictional design, 28 U.S.C. § 1346(a)(2) excludes CDA claims against the United States from a District Court's subject matter jurisdiction, regardless of the amount in controversy. 28 U.S.C. § 1346(a)(2) ("the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract. . . which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41.").

Accordingly, this Court lacks subject matter jurisdiction over TMR's contract claims against the United States, such that Counts 1 and 2 of TMR's counterclaim complaint must be dismissed pursuant to Rule 12(b)(1).

**B. This Court also lacks subject matter jurisdiction over the United States' contract claims against TMR, pursuant to the Contract Disputes Act. Accordingly, Counts 1 and 2 of the United States' Cross-Claim Complaint against TMR must be dismissed.**

28 U.S.C. § 1345 provides the scope of the District Court's subject matter jurisdiction where the United States is a Plaintiff. "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceeding commenced by the United States . . ." *Id*. While § 1345 provides broad jurisdictional review where the

4

United States is the claimant, the CDA expressly provides the procedural and jurisdictional scheme for reviewing contract claims. 41 U.S.C. § 7101, *et seq*. As discussed above, any judicial review of a claim that implicates the CDA is committed to the subject matter jurisdiction of the U.S. Court of Federal Claims or the Board of Contract Appeals. 41 U.S.C. § 7104(b). Consequently, the United States concedes that the district court also lacks subject matter jurisdiction over its contract claims against TMR. For the same reason TMR's contract claims must be dismissed under the CDA analysis, Counts 1 and 2 of the United States' cross-claim complaint must be dismissed pursuant to Rule 12(b)(1).

## CONCLUSION

For the reasons explained above, the District Court lacks subject matter jurisdiction over the parties' contract claims. Accordingly, Counts 1 and 2 of TMR's counterclaim complaint against the United States (Doc. 43), as well as Counts 1 and 2 of the United States' cross-claim complaint against TMR (Doc. 23), must be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

**JAMES L. PORTER**
**Acting United States Attorney**

 *s/ David J. Pfeffer*
**DAVID J. PFEFFER**
**ADAM E. HANNA**
Assistant United States Attorneys
United States Attorney's Office
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone: (618) 628-3700
Fax: (618) 622-3810
Email: David.J.Pfeffer@usdoj.gov
 Adam.Hanna@usdoj.gov

*Attorneys for Defendant United States of America*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2016, he filed a copy of the foregoing

**DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS
CONTRACT CLAIMS PURSUANT TO RULE 12(b)(1)**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

| | |
|---|---|
| **THOMAS Q. KEEFE, JR.** <br> Keefe, Keefe, & Unsell, PC <br> 6 Executive Woods Ct. <br> Belleville, IL 62226 <br> isuedocs77@gmail.com <br> *Attorney for Plaintiff* <br><br> **W. JEFFREY MUSKOPF** <br> **DEAN HENKE** <br> SmithAmundsen, LLC <br> 120 S. Central Ave., Ste. 700 <br> St. Louis, MO 63105 <br> jmuskopf@salawus.com <br> dhenke@salawus.com <br> *Attorneys for Totall Metal Recycling* | **MICHAEL J. NESTER** <br> **JASON M. GOURLEY** <br> Donovan Rose Nester, PC <br> 201 South Illinois Street <br> Belleville, Illinois 6220 <br> mnester@drnpc.com <br> jgourley@drnpc.com <br> *Attorneys for Totall Metal Recycling* |

                                                                                   **_s/ David J. Pfeffer_**