IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADRIANA ORNELAS, as Administrator of the Estate of RODOLFO ROMO, Deceased, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil No. 15-CV-00547-SMY-SCW ) |
| THE UNITED STATES OF AMERICA and TOTALL METAL RECYCLING, INC., | ) ) ) |
| Defendants. | ) ) |

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

Defendant United States of America, by and through its attorneys, Donald S. Boyce, United States Attorney for the Southern District of Illinois, and Assistant United States Attorneys David J. Pfeffer and Adam E. Hanna, now files this Response in Opposition to Plaintiff's Motion to Enforce Settlement (Doc. 126).

On December 29, 2016, the parties informed Magistrate Judge Williams they had reached a settlement in principle, subject to final approval by the Department of Justice (DOJ). On December 30, 2016, the Court entered a 90-Day Order reflecting this information, specifically noting the settlement is "subject to final approval by the Department of Justice" (Doc. 123).

Indeed, no settlement can be finalized or enforceable without the appropriate approval, which has not yet been obtained. Under 28 U.S.C. § 2677, the Attorney General is vested with complete and full settlement authority to compromise or settle claims under the Federal Tort Claims Act, after the institution of an action thereon. With respect to claims where the aggregate damages claimed by the Plaintiff exceed $4 million, the Attorney General has delegated full settlement authority to the Deputy Attorney General (DAG) and to the Associate Attorney General (AAG). *See* 28 C.F.R. § 0.161. Accordingly, the DAG and/or the AAG are the only individuals who can authorize the settlement and bind the United States to an enforceable

1

settlement agreement. This issue was discussed during the settlement conference through the Magistrate Judge, as well as with counsel for each party directly.

While other cases addressing this scenario are rare, the District of Hawaii recently addressed a motion to enforce, where the progress of settlement efforts was delayed by issues relating to a complicated special needs trusts. *See Whitney v. United States*, 2015 WL 3439150 (D. Hawaii April 3, 2015) (unreported). There, the Court addressed the levels of authority necessary to approve settlements within the DOJ and concluded that the United States Attorney's Office cannot bind the government to settlement outside its delegated authority. *Id*. at *5. Rather, such settlements must be recommended to, and approved by, the appropriate DOJ official before they can be enforced against the United States. *Id*. *See also United States v. LaCroix*, 166 F.3d 921, 923 (7th Cir. 1999) (noting in dicta that "Long ago the Supreme Court held that a purported settlement on behalf of the United States may be enforced if and only if the person who entered into the settlement had actual authority to compromise the litigation.").

Here, the parties are similarly aware that DOJ authority is necessary to achieve a final, enforceable settlement. To date, the United States Attorney's Office has not received all of the materials necessary to make the final request for authorization, and the Attorney General's designee has therefore not yet authorized the settlement. Accordingly, there is no final settlement for the Court to enforce and Plaintiff's motion must be denied.

Importantly, before the DAG or the AAG can consider a formal request for settlement approval, the parties must define the complete scope of the settlement, including finalization of all language in the proposed settlement agreements. For her part, Plaintiff promptly completed the tasks requested by the United States as of February 3, 2017.[1] However, the language in

---

[1] It is undersigned Counsel's understanding that TMR and Plaintiff reached agreement on the terms of their mutual release on or about March 21, 2017.

2

Plaintiff's and the United States' agreement is also conditioned upon other contemplated events, including final approval by the relevant DOJ official and resolution of claims involving TMR.

The United States Attorney's Office and TMR, however, have not completed the proposed settlement agreement, though after several proposals and counterproposals, only one clause remains in dispute. The efforts by both parties to achieve agreement has remained professional, and while the United States has disagreed with TMR's analysis of the disputed language, TMR's concerns are genuinely held.

Undersigned counsel, however, must respectfully disagree with TMR's claim that DOJ's proposals have been "on occasion inappropriate, overreaching, unilateral, and burdensome" (Doc. 129 at p. 2). TMR characterizes the issue as a broad demand that TMR indemnify the United States as to any and all potential future claims. To be fair, the language in question is narrower and asks TMR to be responsible for future claims "seeking to recover the payments made by TMR as result of Rodolfo Romo's death." The United States seeks to avoid a future obligation to repay TMR's settlement outlays in some future subrogation or lienholder suit, such as from TMR's insurers. Where TMR has questioned the breadth of the language, the United States has promptly considered the issue and proposed alternative language to better focus the issue. Good progress has been made to address the parties' mutual concerns, but TMR has not yet agreed.

Indeed, the United States Attorney's Office and TMR remain actively in discussions regarding this issue, with a new proposal sent to TMR on May 18, 2017. Undersigned counsel reasonably believes the proposal will resolve TMR's objections. As a result, while undersigned counsel understands Plaintiff's frustration, there is good reason for optimism the United States Attorney's request for authorization will be submitted in the very near future.

In light of the circumstances, the United States moves the Court to deny Plaintiff's "Motion to Enforce Settlement" (Doc. 126) and grant a 45-day extension of time to consummate the settlement (*see* Doc. 128).

Respectfully submitted,

**DONALD S. BOYCE**
**United States Attorney**

*s/ David J. Pfeffer*
**DAVID J. PFEFFER**
**ADAM E. HANNA**
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
Phone:  (618) 628-3700
Fax:     (618) 622-3810
Email: David.J.Pfeffer@usdoj.gov
          Adam.Hanna@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 19, 2017, he filed a copy of the foregoing

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

the following:

| | |
|---|---|
| **THOMAS Q. KEEFE, JR.**<br>**KELLY T. CROSBY**<br>Keefe, Keefe, & Unsell, PC<br>6 Executive Woods Ct.<br>Belleville, IL 62226<br>Debbie@tqkeefe.com<br>Kelly@tqkeefe.com<br><br>*Attorneys for Plaintiff* | **MICHAEL J. NESTER**<br>**JASON M. GOURLEY**<br>Donovan Rose Nester, PC<br>201 South Illinois Street<br>Belleville, Illinois 6220<br>mnester@drnpc.com<br>jgourley@drnpc.com<br><br>*Attorneys for Totall Metal Recycling* |

**W. JEFFREY MUSKOPF**
**ANDREW C. SEIBER**
**DEAN HENKE**
SmithAmundsen, LLC
120 S. Central Ave., Ste. 700
St. Louis, MO 63105
jmuskopf@salawus.com
aseiber@salawus.com
dhenke@salawus.com

*Attorneys for Totall Metal Recycling*

                                                          __*s/ David J. Pfeffer*_____